ELECTRONICALLY FILED
1/25/2021 2:36 PM
03-CV-2021-900093.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| OLD HOUSE SPECIALISTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| THE GUARANTEE INSURANCE OF NORTH AMERICA USA, | ) ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### Count I (Breach of Contract)

1. On August 28, 2017, Defendant The Guarantee Insurance of North America USA ("Guarantee") executed a Payment Bond in the amount of $14,201,464 (the "Bond") for the benefit of "Claimants" that supplied labor, materials and/or equipment on the Historic Bell Lofts project in Montgomery, Alabama (the "Project"), a true and correct copy of which bond is attached hereto as Exhibit A.

2. Pursuant to the terms of the Bond, Plaintiff Old House Specialists, LLC ("Old House") qualifies as a "Claimant" that has met all conditions to recover from Guarantee all sums due it for work on the Project.

3. Old House submitted to Guarantee its verified claim under the Bond for labor, materials and equipment it furnished on the Project, including interest and attorney's fees due under Alabama's Prompt Pay Act.

4. Guarantee breached its obligations under the Bond by failing to pay all sums due Old House for its work on the Project and as provided by the Alabama Prompt Pay Act.

Exhibit 1

5. As a proximate result of Guarantee's breach of contract, Old House has been damaged in an amount approximating $200,000 with continuing interest under the Alabama Prompt Pay Act.

WHEREFORE, Old House Specialists, LLC demands judgment against The Guarantee Company of North America USA in the amount of $200,000, plus continuing interest at 12% per annum and attorney's fees under the Alabama Prompt Pay Act, as well as its costs and such other relief as may be justly due.

### COUNT II (Tort of Bad Faith)

6. Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1-5 of its Complaint.

7. Guarantee is an insurer under Alabama law.

8. Guarantee entered into a surety insurance contract whereby it guaranteed payment to all persons supplying labor, materials and/or equipment on the Project, i.e., the Bond.

9. Old House is an intended third-party beneficiary of the Bond by virtue of its having supplied labor, material and/or equipment on the Project. Guarantee had an obligation to Old House, at all times material hereto, to act in good faith in handling claims under the Bond.

10. Guarantee has intentionally and in bad faith refused and/or failed to pay Old House's valid claim under the Bond, in violation of clear Alabama law.

11. Guarantee has intentionally and in bad faith failed to make a proper and/or full investigation of Old House's claim under the Bond, ignoring clear Alabama law.

12. There is no reasonably legitimate or arguable reason for Guarantee's refusal to pay Old House's claim under the Bond.

2

13. Guarantee has actual knowledge of the absence of any legitimate or arguable reason for denying Old House's claim under the Bond and/or has intentionally failed to determine the existence of a lawful basis for refusing said claim.

14. Guarantee has engaged in a pattern of bad faith behavior in its responses to various Claimants under the Bond, precipitating multiple lawsuits in this jurisdiction by various Claimants on the Project.

15. As a proximate result of Guarantee's bad faith refusal to pay and/or bad faith refusal to properly investigate and evaluate Plaintiff's Claim, Old House has been damaged in the amount of $200,000 with accruing interest and attorney's fees under the Alabama Prompt Pay Act.

WHEREFORE, Old House Specialists, LLC demands judgment against The Guarantee Insurance of North America USA in the amount of $200,000 in compensatory damages, plus accruing interest at 12% per annum and attorney's fees under the Alabama Prompt Pay Act; Plaintiff further demands judgment against The Guarantee Insurance of North America USA in the amount of $600,000 in punitive damages, and for such other relief as may be justly due.

/s/ J. Lister Hubbard
J. Lister Hubbard (HUB007)
Blake Brookshire (BRO313)

Attorneys for Plaintiff

**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Email: lister.hubbard@chlaw.com
blake.brookshire@chlaw.com

3